## E. P. SHORT v. D. FOGLE.

MORTGAGE — *Foreclosure* — *Priority of Lien.* Where T., the equitable owner of real estate, gave a mortgage to R. with a full knowledge by R. of the condition of the title, and with the further knowledge that one F. held the prior mortgage thereon for the original purchase-money of the property, and R. afterward transfers his mortgage to S., giving S. the information that there is another mortgage upon the property, and S. with this knowledge makes no inquiry as to the title of the property, and makes no examination of the records, *held*, in an action to foreclose and establish prior liens as between F. and S., that F. is entitled to the prior lien on the property.

*Error from Franklin District Court.*

ACTION brought by *Fogle*, defendant in error, against Towle and wife, and *E. P. Short*, the plaintiff in error, to foreclose a mortgage on certain real estate in the town of Williamsburg. The Towles made default, and the plaintiff in error *Short* filed an answer and cross-petition alleging a mortgage upon the same property, and asked to have the same foreclosed and made a prior lien to plaintiff's mortgage. At the November term, 1887, the cause came on to be heard upon the petition and cross-petition. Trial by the court without a jury. The following findings of fact and conclusions of law were made:

"1. On April 20, 1885, D. Fogle, plaintiff, was the owner of the property described in the petition, which was then unimproved. On that day he entered into a written agreement with one Marcoux to sell and convey the same, together with a quantity of lumber with which to erect a house thereon, for the sum of $150, to wit, $50 for the lots and $100 for the lumber. Mr. Marcoux agreed to erect the house and pay said sum with interest, and then Fogle was to make the deed. Marcoux went into possession and built the house, but did not pay said $150 and interest, or any part thereof.

"2. In February, 1886, the defendant Towle made an agreement with Marcoux whereby Towle transferred to Marcoux a certain team of horses, (which he had previously mortgaged to W. A. Robbins for $300,) and agreed to pay $225 in addition thereto for said property. Thereupon Marcoux

proposed and it was agreed that Towle should pay said $225 to Fogle in satisfaction of Fogle's claim of $150 and interest, and take deed direct from Fogle. Accordingly, on March 1, 1886, Towle executed the note set out in plaintiff's petition and accompanying mortgage, (except the acknowledgment,) and Fogle also executed said deed of conveyance to Towle on the same day, (except acknowledgment,) and said papers were then deposited with M. V. Swift, a notary public and conveyancer, to hold until said mortgage was duly executed by the wife of said J. A. Towle and properly acknowledged, to the satisfaction of Fogle, whose deed should be acknowledged and the papers delivered to the respective grantors. All this was done on July 17, 1886, and on July 22d following, said deed and mortgage were duly recorded, the deed being first of record, to wit, the deed at 11 A. M. and mortgage at 3 P. M.

"3. Learning of the transfer of the mortgaged team to Marcoux, Robbins called on Towle and demanded pay or security, and was offered a mortgage on the said real estate. Thereupon, on April 1, 1886, the note and mortgage set out in the answer of E. P. Short were made and delivered to Robbins. At that time Robbins was informed and understood that there was a prior mortgage on the property of $150 or $200 to Fogle, but did not examine the record. Marcoux was in possession at the time of sale to Towle, and delivered possession to the latter. This mortgage to Robbins was duly recorded on the 8th day of May, 1886.

"4. On March 19, 1887, Robbins sold and assigned his said note and mortgage to defendant E. P. Short for $300, paid as follows: $25 in a week after the assignment, and $25 June, 1887, and the balance on the day of this trial.

"5. At the time of the transfer to Short, Robbins informed him that there was another mortgage to Fogle, but that his was on record first. Short did not examine the record, but relied on Robbins's statement that his mortgage was first on record.

"6. When Fogle delivered the deed to Towle and accepted the mortgage from the latter, he knew of the mortgage before that time made to Robbins."

Upon these facts the court found the following conclusions of law:

"1. Plaintiff is entitled to a judgment against J. A. Towle for the amount of his said note, to wit, $270.75.

"2. E. P. Short is entitled to a judgment against J. A. Towle for the amount of his said note, to wit, $358.

"3. The plaintiff's lien under the mortgage set out in the petition is the first and paramount lien on said property, and defendant Short's lien under the mortgage set out in his answer is the second and junior lien thereon.

"4. A judgment of foreclosure and sale should be entered, and the proceeds applied, after paying the taxes and costs, to the satisfaction of said liens, according to the priorities as above stated."

Judgment accordingly. Defendant *Short* brings the case here.

*John W. Deford*, for plaintiff in error.
*Mechem & Smart*, for defendant in error.

Opinion by CLOGSTON, C.: The plaintiff in error now complains that the conclusions of law are not supported by the findings of fact made by the court. The findings of fact show that Fogle was the original owner of the property, and that the mortgage, the subject of his action, was for the purchase-money of the property. Marcoux transferred the property to Towle, subject to this lien for the purchase-money, and subject to Fogle's mortgage. Towle had actual knowledge of the existence of that mortgage, and assumed it, or took the property subject to it. He executed the mortgage now set up by Short, and informed Robbins of the exact condition of affairs. Towle at this time had but an equitable title to the property. He had what Marcoux could transfer to him — an equitable title only; and at the time of the execution of the mortgage to Robbins he could give Robbins no better title than he himself had. When Robbins transferred his note and mortgage to Short, he could give Short nothing better than he himself had. He told Short, however, that there was another mortgage upon the property. Short made no inquiry to ascertain its standing or condition. He received under the notice whatever title and right Robbins had, and no greater. He stands in the same place that Robbins would have stood

had he set up the mortgage instead of Short. We therefore fail to see what legal or equitable right the plaintiff in error has to insist upon a first lien upon this property.

The judgment of the court below is correct, and we therefore recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.